UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

REINA ORTIZ BEY, RICARDO PACHECO,
ASHLEE ALLARD and SHANNON SUGGS, on
behalf of themselves and all others similarly situated,

    Plaintiffs,

v.                                      Case No.:  6:16-cv-2195-Orl-37-KRS

XPO LOGISTICS, INC.,

    Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT
AND COMPEL ARBITRATION, AND MEMORANDUM IN SUPPORT**

Defendant XPO Logistics, Inc. (hereinafter "Defendant"), by and through its undersigned attorneys and pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ("FAA"), respectfully moves the Court to compel arbitration and dismiss this action or, alternatively, to stay any judicial proceedings pending the conclusion and outcome of the arbitration of Plaintiffs' claims.  Plaintiffs Reina Ortiz Bey, Ricardo Pacheco, Ashlee Allard, Sharon Suggs and Defendant all entered into employment agreements that contain arbitration provisions (the "Agreements"), copies of which are attached as Exhibit "1."  Under the Agreements, Plaintiffs agreed that arbitration would be the exclusive remedy for all claims "arising out of or relating to" their employment with Defendant.  The Agreements are enforceable under Florida law, and bind the parties.  Notwithstanding the terms of the Agreements, Plaintiffs have filed this lawsuit and purport to bring claims under the Fair Labor Standards Act ("FLSA") regarding the compensation they received during their employment with Defendant.  Given the strong public policy in favor of arbitration, the Agreements should be enforced and Plaintiffs compelled to arbitrate this matter.

1

## MEMORANDUM OF LAW

### I.   FACTUAL BACKGROUND

#### A.   Claims at issue.

In the Complaint, Plaintiffs allege that they were employed by Defendant as "Assistant Operations Managers". [Dkt. 1, ¶2]. Plaintiffs allege that they were not paid for all hours worked in excess of 40 in a workweek in violation of the FLSA. [Dkt. 1, ¶¶ 15, 22, 29, and 36]. Plaintiffs further allege that other employees similarly situated to them were also denied overtime pay in violation of the FLSA. [Dkt. 1, ¶3].

#### B.   Arbitration agreements.

During their employment, each Plaintiff signed an employment agreement. *See* Ex. 1. In those Agreements, Plaintiffs each agreed that binding arbitration would be the exclusive remedy for any claims arising out of or relating to their employment with Defendant. The Agreements signed by Plaintiffs are not unilaterally modifiable and can only be modified in a written agreement signed by both parties. *Id*. Further, the parties can only waive any provision of the Agreements in a written instrument specifically identifying the provision being waived and signed by each party. *Id*.

### II.   LEGAL ARGUMENT

The FAA promotes a "liberal federal policy favoring arbitration agreements," and "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983); *see also Perry v. Thomas,* 482 U.S. 483, 490-91 (1987) (stating that arbitration agreements falling within the scope of the FAA "must be 'rigorously enforce[d]'" (citations omitted)).

The FAA's "primary purpose [is to ensure] that private agreements to arbitrate are enforced according to their terms." *Volt Info. Scis., Inc. v. Board of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989). As such, "[u]nder the FAA, upon motion of a party, district courts must compel arbitration of all claims subject to arbitration." *Am. Exp. Fin. Advisors, Inc. v. Makarewicz*, 122 F. 3d 936, 940 (11th Cir. 1997). Indeed, the Supreme Court instructs that, by its terms, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218, (1985) (emphasis added).

In deciding a motion to enforce and arbitration agreement, the Court must engage in a two-step inquiry. The first step requires the court to "determine whether the parties agreed to arbitrate the dispute." *Klay v. All Defendants*, 389 F. 3d 1191, 1200 (11th Cir. 2004), citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985). The second step requires the Court to analyze whether "'legal constraints external to the parties' agreement foreclosed arbitration.'" *Id.*

With respect to the first step, this inquiry must be done against the background of the "liberal federal policy favoring arbitration agreements" and "it is the role of courts to 'rigorously enforce agreements to arbitrate.'" *Klay*, 389 F.3d at 1200 (citation omitted). The FAA "creates a presumption in favor of arbitrability." *Palidino v. Avnet Computer Technologies, Inc.,* 134 F.3d 1054, 1057 (11 Cir. 1998); *see also Shearson/American Express, Inc. v. McMahon,* 482 U.S. 220, 226 (1987). Further, the FAA preempts any state law "to the extent that [the state law] 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress'" in passing the FAA. *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior*

3

*University*, 489 U.S. 468, 477 (1989) (citation omitted). In other words, the FAA will preempt state laws that require a judicial forum for the resolution of claims that the contracting parties agreed to resolve by arbitration. *Id.* at 478. The FAA "establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone,* 460 U.S. at 24-25. As a result, a party resisting arbitration bears the burden of showing that the arbitration provision is invalid or does not encompass the claims at issue. *See Green Tree Fin. Corp.-Ala. v. Randolph,* 531 U.S. 79, 92 (2000).

  A. **The arbitration agreements are enforceable.**

The parties' Agreements are enforceable. Whether the parties have a valid arbitration agreement is usually a question for the Court to decide. *Green Tree Fin. Corp. v. Bazzle,* 539 U.S. 444, 452, 123 S.Ct. 2402, 156 L.Ed.2d 414 (2003). This Court must use the contract law of the state of Florida to determine such issue. *Caley v. Gulfstream Aerospace Corp.,* 428 F.3d 1359, 1368 (11th Cir.2005) (courts apply the contract law of the particular state that governs the formation of contracts).

"Under Florida law, the parties' intent controls. The contract's language is the best evidence of the parties' intent, and a court should look to the contract's plain meaning when interpreting it." *Tranchant v. Ritz Carlton Hotel Co., LLC,* 2011 WL 1230734, at *3 (M.D.Fla. Mar.31, 2011); *see also Royal Oak Landing Homeowner's Ass'n, Inc. v. Pelletier,* 620 So.2d 786, 788 (Fla. 4th DCA 1993); *Herpich v. Estate of Herpich,* 994 So.2d 1195, 1197 (Fla. 5th DCA 2008). In review of the contract's plain meaning, "one party's promise to submit its claims to arbitration typically provides sufficient consideration to support the other party's promise to submit its claims to arbitration." *Id.* at *4.

4

As required by *Tranchant,* the Agreements at issue are binding on all parties. *Tranchant* 2011 WL 1230734 at *3. Furthermore, the Arbitration Agreements specifically cover issues related to the Plaintiffs' employment, which includes payment of wages and overtime. Therefore, the "contract's plain meaning" is sufficient evidence of the parties' intent to arbitrate such claims under Florida law. *Tranchant* 2011 WL 1230734 at *3; *see also Lorusso v. Sun Holdings, LLC*, No. 8:14-CV-00822-EAK, 2015 WL 628793, at *2 (M.D. Fla. Feb. 12, 2015). Accordingly, the Agreements are valid and enforceable contracts under Florida law binding the parties to arbitration.

**B.      Plaintiffs' FLSA claims are covered under the agreements.**

Having determined that a valid contract to arbitrate claims exists, the second question is whether the claims raised in the Complaint are arbitrable. Plaintiffs have brought one claim under the FLSA based on their allegations that they were not properly paid while employed by Defendant. The Agreements specifically provide that claims relating to or arising out of the Plaintiffs' employment are covered claims and subject to arbitration. *See* Ex. 1. The fact that Plaintiffs have styled their lawsuit as a collective action under the FLSA does not render the claims unarbitrable. *Lorusso v. Sun Holdings, LLC,* No. 8:14-CV-00822-EAK, 2015 WL 628793, at *1 (M.D. Fla. Feb. 12, 2015) (enforcing an arbitration provision in an employment agreement in a FLSA collective action case).

The Agreements are silent on the issue of class arbitration. Because claims relating to the compensation received by Plaintiffs during their employment with Defendant relate to and arise out of their employment, Plaintiffs' FLSA claims in the Complaint are covered by the arbitration agreements.

### C. Defendant has not waived its right to compel arbitration.

Because Plaintiffs' FLSA claims arise out of their employment under the binding Agreements, the only remaining question is whether Defendant waived its right to compel arbitration. In determining whether arbitration has been waived, courts apply a two-part test and consider (1) "if under the totality of the circumstances, the party has acted inconsistently with the arbitration right," and (2) if, by doing so, "that party has in some way prejudiced the other party." *Ivax Corp v. B. Braun of America, Inc.*, 286 F.3d 1309, 1315-16 (11th Cir. 2002) (citing *S&H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990)). In analyzing this issue, courts consider whether the party has engaged in pre-trial proceedings inconsistent with the intent to arbitrate. *See Information & Display Sys., LLC v. Auto-Ref, Inc.*, 2006 WL 2850109 at *4 (M.D. Fla. 2006).

#### 1. The totality of the circumstances do not show that Defendant has acted inconsistently with its right to arbitration.

A party that "'substantially invokes the litigation machinery prior to demanding arbitration'" may waive the right to arbitrate. *Garcia v. Wachovia Corp.,* 699 F.3d 1273, 1277 (11th Cir. 2012) (quoting *S & H Contractors,* 906 F.2d at 1514). The key is whether there has been substantial participation in litigation "to a point inconsistent with an intent to arbitrate." *Morewitz v. W. of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Luxembourg),* 62 F.3d 1356, 1366 (11th Cir.1995). As examples, courts have held that long delays in seeking to compel arbitration and participation in discovery can amount to acting inconsistently with the right to arbitrate. *See, e.g., Garcia,* 699 F.3d at 1277 (party failed to move to compel arbitration twice even though the court invited it to do so, and party participated substantially in litigation by conducting discovery for more than one year); *S & H Contractors,* 906 F.2d at 1514 (holding a party acted inconsistently with the right to arbitrate when it waited eight months to move to compel arbitration, by which

time the parties had litigated two motions and the moving party had taken five depositions); *Int'l Hair & Beauty Sys., LLC v. Simply Organic Inc.,* No. 8:11–cv–1883–T–30AEP, 2012 WL 3670260, at *3 (M.D.Fla. Aug.24, 2012) (unpublished) (finding waiver when a defendant "filed an answer and affirmative defenses, participated in hearings, submitted an affidavit in opposition to and testified against [the opposing party's] motion for a Temporary Restraining Order, objected to document requests, answered interrogatories, and had his deposition taken" before requesting to arbitrate).

"The failure to assert the right of arbitration alone," without a finding of substantial participation in litigation, "does not establish a waiver of the right of arbitration." *Suntrust Bank v. Gill,* No. 8:10–CV–2619–T–17TBM, 2011 WL 2192825, at *2 (M.D.Fla. June 6, 2011) (unpublished). When a defendant merely appears in an action and files "some motions, without response and adjudication," it is not typically considered substantial participation in litigation. *Id.*; *Harling v. Ado Staffing, Inc.*, No. 3:13-CV-1113-J-34JRK, 2014 WL 1410519, at *6 (M.D. Fla. Feb. 21, 2014), *report and recommendation adopted*, No. 3:13-CV-1113-J-34JRK, 2014 WL 1410527 (M.D. Fla. Apr. 11, 2014).

In *Lorusso v. Sun Holdings, LLC*, which is a case from Florida's Middle District, the court considered a situation nearly identical to the one at issue here. No. 8:14-CV-00822-EAK, 2015 WL 628793, at *3. The plaintiffs in *Lorusso* filed a collective action lawsuit under the FLSA. *Id*. Prior to filing a motion to compel arbitration, the defendants merely submitted a case management report, filed an answer to the complaint, filed the required corporate disclosures, and allowed for various extensions to the case management report. The defendants had not yet deposed any of the plaintiffs or filed any substantive motions directed at plaintiffs' claims. The court noted that there is no bright line rule as to what is substantial participation. The court held that each case was to

7

be analyzed individually to determine if the defendants' participation should be considered a waiver of the right to arbitrate. Ultimately, the court found that defendants had not "'substantially participate[d] in litigation to a point inconsistent with an intent to arbitrate.'" *Id.* (citing *In re Checking Account Overdraft Litig.* 754 F.3d at 1294). Furthermore, review of the court's docket in the *Lorusso* case confirms that the plaintiffs in that case filed their initial complaint on April 8, 2014. The defendants' motion to compel arbitration was filed on November 12, 2014—over seven months after the suit had been filed. In the case at issue here, Plaintiffs filed their suit on December 22, 2016. [Dkt. 1].

In this case, Defendant has not engaged in actions sufficiently inconsistent with its intent to arbitrate. Defendant has not propounded discovery, answered discovery, scheduled or taken any deposition, or filed any substantive motions. Instead, Defendant has merely complied with the Court's orders regarding FLSA procedures, Rule 26 disclosures and case management requirements. Further, the instant motion was filed approximately six months after the initial Complaint, which is a full month less than the motion filed by the defendants in *Lorusso*. As explained by the Court in *Lorusso* , neither Defendant's actions nor the timing amount to substantial participation in the litigation foreclosing the right to arbitration in this case.

### 2. Plaintiffs have not been prejudiced.

Even if Defendant had acted inconsistently with the right to arbitrate, which it has not, Plaintiffs' attempt to avoid arbitration is still futile because they cannot show they have been prejudiced as a result. "Prejudice has been found in situations where the party seeking arbitration allows the opposing party to undergo the types of litigation expenses that arbitration was designed to alleviate." *Morewitz,* 62 F.3d at 1366 (citation omitted); *Garcia,* 699 F.3d at 1277 (quotation and citation omitted) (in determining whether prejudice has occurred, the court "may consider the

8

length of delay in demanding arbitration and the expense incurred by that party from participating in the litigation process"). Additionally, "[t]he use of pre-trial discovery procedures by a party seeking arbitration may sufficiently prejudice the legal position of an opposing party so as to constitute a waiver of the party's right to arbitration." *Stone v. E.F. Hutton & Co.,* 898 F.2d 1542, 1543 (11th Cir.1990) (citation omitted).

In the instant case, like the defendants in *Lorusso*, Defendant has not engaged in a substantial litigation or discovery whatsoever. Likewise, other than serving Defendant with interrogatories and request for production on June 9, 2017, Plaintiff has not engaged in any discovery whatsoever.  While the parties have prepared a Case Management Report, Defendant has filed an answer, a motion seeking an extension of time to answer, and corporate disclosures, these activities, by themselves, are not sufficient to find Defendant has waived its right to enforce the Agreements, or to demonstrate that Plaintiffs have incurred substantial expenses or otherwise been prejudiced. *Lorusso*, No. 8:14-CV-00822-EAK, 2015 WL 628793, at *3.  As noted, Plaintiffs served written discovery on Defendant less than two weeks ago—to which Defendant's response is not yet due.  Accordingly, Plaintiffs cannot make any argument that they have incurred sufficient legal expenses of the type arbitration was designed to alleviate.  To the contrary, enforcing the arbitration provisions in the Agreements at this early stage of these proceedings will alleviate the unnecessary litigation expenses that arbitration is designed avoid.  *Morewitz,* 62 F.3d at 1366 (citation omitted).

### III.    CONCLUSION

In sum, Plaintiffs' FLSA claims in their Complaint are subject to arbitration based upon Plaintiffs' execution of the valid and binding arbitration agreements.  Therefore, Defendant respectfully requests that this Court dismiss Plaintiffs' Complaint or, in the alternative, stay the

proceedings and order the parties to arbitration, and for such other relief as the Court deems just and proper.

Respectfully submitted this 22nd day of June, 2017.

**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

/s/      Angelique Groza Lyons
Angelique Groza Lyons, Fla. Bar No. 118801
alyons@constangy.com
Phillip J. Harris, Fla. Bar No. 44107
pharris@constangy.com
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
100 North Tampa Street, Suite 3350
Post Office Box 1840
Tampa, Florida  33601-1840
(813) 223-7166 / Fax: (813) 223-2515

Gary Wheeler, Fla. Bar No. 131865
gwheeler@constangy.com
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
200 West Forsyth Street, Suite 1700
Jacksonville, FL 32202-4317
(904) 356-8900 / Fax: (904) 356-8200
Attorneys for Defendant

## CERTIFICATE OF GOOD FAITH

The undersigned consulted with counsel for Plaintiffs pursuant to Local Rule 3.01(g) prior to filing the instant motion, and was informed that Plaintiffs objects to the relief requested.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 22nd day of June, 2017, a copy of the foregoing document has been filed with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Gregg I. Shavitz, Esq.
Alan L. Quiles, Esq.
SHAVITZ LAW GROUP, P.A.
1515 South Federal Hwy., Ste. 404
Boca Raton, FL  62431
gshavitz@shavitzlaw.com
aquiles@shavitzlaw.com
Attorneys for Plaintiff

                    /s/ Angelique Groza Lyons
                        Attorney