UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

REINA ORTIZ BEY; RICARDO
PACHECO; ASHLEE ALLARD; and
SHANNON SUGGS,

     Plaintiffs,

v.                              Case No. 6:16-cv-2195-Orl-37KRS

XPO LOGISTICS, INC.,

     Defendant.
_____

## ORDER

Before the Court is Defendant's Motion to Dismiss Complaint and Compel Arbitration, and Memorandum of Law (Doc. 31), to which Plaintiffs responded (Doc. 32). For the reasons set forth below, the motion is due to be granted and the action is due to be stayed.

## I.    BACKGROUND

On December 22, 2016, Plaintiffs initiated this putative collective action alleging that Defendant failed to pay them overtime wages in violation of the Fair Labor Standards Act ("**FLSA**"). (Doc. 1.) After successfully moving for two extensions, Defendant answered the Complaint and asserted several affirmative defenses on March 3, 2017. (Doc. 20.) Now—six months after Plaintiffs filed their Complaint—Defendant moves to compel arbitration and dismiss this action or, alternatively, stay it pending the outcome

of the forthcoming arbitration proceedings. (Doc. 31 ("**Motion to Compel**").)[1] Plaintiffs

oppose the Motion to Compel.  (Doc. 32.)

According to the Complaint, Plaintiffs are former employees of Defendant. (Doc. 1,

¶¶ 12, 19, 26, 33.) As a condition of their employment, each Plaintiff signed an

employment agreement (collectively "**Agreements**").[2] (*See* Doc. 31-1.) Among others, the

Agreements include the following provisions:

> **17. *Governing Law; Arbitration; Consent to Jurisdiction; and Waiver of Jury Trial.***
>
> (a) ***Governing Law***: This Agreement shall be governed by and construed in accordance with its express terms, and otherwise in accordance with the laws of the State of North Carolina without reference to its principles of conflicts of law.
>
> (b) ***Arbitration of Claims Initiated by You***: Any claim you [employee] wish to initiate arising out of or relating to this Agreement, the breach thereof, ***your employment with us***, or the termination of that employment will be resolved by binding arbitration before a single arbitrator in the City of Charlotte, North Carolina administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules, and judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof

---

[1] The U.S. Court of Appeals for the Eleventh Circuit has expressed a preference that district courts stay rather than dismiss arbitral claims. *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992). Accordingly, the Court construes the motion as a motion to stay the proceedings and compel arbitration rather than as a "Motion to Dismiss and Compel Arbitration." (*See* Doc. 31, p. 1.)

[2] Alongside its Motion to Compel, Defendant attached a composite exhibit, which includes four separate Agreements—one for each Plaintiff. (*See* Doc. 31-1.) Apart from the signature, the Agreements are identical.

("**Arbitration Provision**").

(*See, e.g.*, Doc. 31-1 pp. 8–9) (emphasis added).

The Arbitration Provision incorporates by reference the American Arbitration Association's Commercial Arbitration Rules ("**AAA Commercial Arbitration Rules**"). (Doc. 31-1 p. 9.) In pertinent part, the AAA Commercial Arbitration Rules provide that the arbitrator shall have the power to: (1) "rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or the arbitrability of any claim or counterclaim"; and (2) "determine the existence or validity of a contract of which an arbitration clause forms a part" (collectively, "**Delegation Provision**"). *Commercial Arbitration Rules and Mediation Procedure*, AM. ARB. ASS'N Rule 7(a), (b) (Oct. 13, 2013), https://www.adr.org/sites/default/files/Commercial%20Rules.pdf.

Defendant requests that the Court compel arbitration under the Arbitration Provision because: (1) it is enforceable; and (2) Plaintiffs' FLSA claims fall within its scope. (Doc. 31, pp. 4–5.) Anticipating Plaintiffs' position, Defendant also asserts that it has not waived its right to compel arbitration. (*Id.* at 6–9.) In their response, Plaintiffs counter that: (1) Defendant waived its right to arbitrate; and (2) notwithstanding waiver, the Arbitration Provision is unenforceable because it is unconscionable under North Carolina law. (Doc. 32, pp. 6–12.)

## II.   LEGAL STANDARDS

### A.   Federal Arbitration Act

Under the Federal Arbitration Act ("**FAA**"), "courts must rigorously enforce

arbitration agreements according to their terms." *Am. Express Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2309 (2013). Upon the motion of any party to a valid arbitration agreement, courts must stay or dismiss litigation of all claims that fall within the agreement's scope and compel arbitration according to the agreement's terms. *See* 9 U.S.C. §§ 3–4. Arbitration agreements are presumptively valid and enforceable. *See* 9 U.S.C. § 2.

Arbitration under the FAA is ultimately "a matter of consent, not coercion," *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Jr. Univ.*, 489 U.S. 468, 479 (1989), and parties opposing arbitration can challenge the formation and validity of a contract containing an arbitration clause. Specifically, the Eleventh Circuit recognizes "three distinct types of challenges to a contract containing an arbitration clause": (1) challenges to the formation, or "the very existence," of the contract; (2) challenges "to the validity of the arbitration clause standing alone"; and (3) challenges "to the validity of the contract as a whole." *Wiand v. Schneiderman*, 778 F.3d 917, 924 (11th Cir. 2015). Under a delegation provision "parties may agree to commit even [these] threshold determinations to an arbitrator, such as whether an arbitration agreement is enforceable." *Parnell v. CashCall, Inc.*, 804 F.3d 1142, 1146 (11th Cir. 2015).

**B.    Waiver**

"[D]espite the strong policy in favor of arbitration, a party may, by its conduct, waive its right to arbitration." *Garcia v. Wachovia Corp.*, 699 F.3d 1273, 1277 (11th Cir. 2012) (quoting *S & H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990)). Indeed, courts will not compel arbitration where the party who seeks to arbitrate has waived that right. *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1200 (11th Cir. 2011).

"Waiver occurs when both: (1) the party seeking arbitration 'substantially participates in litigation to a point inconsistent with an intent to arbitrate'; and (2) 'this participation results in prejudice to the opposing party.'" *In re Checking Account Overdraft Litig.*, 754 F.3d 1290, 1294 (11th Cir. 2014) (quoting *Morewitz v. W. of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1365 (11th Cir. 1995)). Nevertheless, "any party arguing waiver of arbitration bears a heavy burden of proof." *Stone v. E.F. Hutton & Co., Inc.*, 898 F.2d 1542, 1543 (11th Cir. 1990).

## III.   ANALYSIS

The Court begins its analysis with Plaintiffs' waiver argument. Although not raised by the parties, the Court notes that the Eleventh Circuit has held that whether a party has waived its right to compel arbitration based on its earlier litigation conduct is an issue presumptively for a court, rather than an arbitrator. *Grigsby & Assocs., Inc. v. M Secs. Inv.*, 664 F.3d 1350, 1353 (11th Cir. 2011). Thus, absent "clear and unmistakable" evidence of an agreement to the contrary, disputes concerning conduct-based waiver are left to courts. *See Plaintiff's S'holders Corp. v. S. Farm Bureau Life Ins. Co.*, 486 F. App'x 786, 789 (11th Cir. 2012)[3] (finding that conduct-based waiver issue is not within the scope of the American Arbitration Association's Rule 7(a) because it is not an objection to the validity of the agreement). As neither party has pointed to such "clear and unmistakable"

---

[3] While unpublished opinions are not binding precedent, they may be considered as persuasive authority. *See* 11th Cir. R. 36-2; *see also United States v. Almedina*, 686 F.3d 1312, 1316 n.1 (11th Cir. 2012).

evidence, the Court—rather than an arbitrator—will decide whether Defendant has waived its right to compel arbitration based on its earlier litigation conduct.

### A.    Waiver

Here, the parties agree on the conduct preceding the Motion to Compel but dispute the implication of such conduct. (*See* Doc. 31, p. 8; Doc. 32, p. 6.) Plaintiffs contend that Defendant has acted inconsistently with the right to arbitrate, as Defendant: (1) filed an answer that failed to raise arbitration as an affirmative defense (Doc. 20, p. 9); (2) participated in the preparation and filing of a case management report, which indicated that the parties did not agree to arbitration (Doc. 25); and (3) complied with its disclosure obligations under the FLSA and Federal Rule of Civil Procedure 26. (*See* Doc. 31, p. 8; Doc. 32, p. 6.) According to Plaintiffs, such conduct prejudiced them by raising their litigation costs. (Doc. 32, p. 7.) Thus, Defendant has waived its right to compel arbitration. (*Id.* at 7.) The Court disagrees.

### 1.    Substantial Participation

Under the first prong of waiver, a court must "decide if, under the totality of the circumstances, the party has acted inconsistently with the arbitration right." *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1315–16 (11th Cir. 2002). A party acts inconsistently with the arbitration right when that party "*substantially* invokes the litigation machinery prior to demanding arbitration." *Garcia*, 699 F.3d at 1277 (quoting *S & H Contractors*, 906 F.2d at 1514) (emphasis added).

Not all litigation activity results in waver; rather, it is a matter of degree. As examples, the Eleventh Circuit has found waiver in cases with long delays *and* extensive

use of discovery or motion practice prior to the defendant's assertion of its arbitration right. *See e.g.*, *Robinson v. Alston*, 596 F. App'x 871, 873 (11th Cir. 2015) (finding wavier where the defendant waited eight months before demanding arbitration, during which time there had been "numerous filings," and the defendant ignored both the opposing party and the Court's invitations to initiate arbitration proceedings); *Garcia*, 699 F.3d at 1277–78 (finding waiver where party failed to move to compel arbitration even though the court invited it to do so, and the party conducted discovery for more than a year, including more than 15 depositions and production of nearly 900,000 pages of documents); *S & H Contractors, Inc.*, 906 F.2d at 1514 (finding waiver where party had filed two motions and engaged in five depositions before demanding arbitration); *Stone*, 898 F.2d at 1543–44 (finding waiver where the defendant waited more than a year and eight months before demanding arbitration during which time the defendant deposed the plaintiff twice and had propounded on the plaintiff multiple sets of interrogatories and requests for production, and scheduled other depositions).[4]

---

[4] Even the district court cases that Plaintiffs rely on align with the Eleventh Circuit opinions concerning the degree of conduct necessary to constitute waiver. *See, e.g.*, *Lewis v. Keiser Sch., Inc.*, No. 11-62176-CIV, 2012 WL 4193366, at *4 (S.D. Fla. Sept. 18, 2012) (finding waiver where the defendant participated in discovery, obtained an extension of discovery, and engaged in motion practice prior to demanding arbitration seven months after initiation of the action); *GEMB Lending, Inc. v. RV Sales of Broward, Inc.*, No. 9-61670-CIV, 2010 WL 1949548, at *2 (S.D. Fla. May 14, 2010) (during the four-month delay prior to demanding arbitration the defendant filed a motion to dismiss, propounded requests for production, and taken a deposition); *Snelling & Snelling, Inc. v. Reynolds*, 140 F. Supp. 2d 1314, 1322 (M.D. Fla. 2001) (finding waiver where the defendant had waited fourteen months before demanding arbitration and had taken depositions, requested document production, served written discovery, and responded to the plaintiff's written discovery).

True, Defendant waited six months after Plaintiffs initiated this action before demanding arbitration. (*See* Doc. 32, pp. 1, 6.) As a general matter, a delay in seeking arbitration weighs in favor of finding waiver. *Morewitz*, 62 F.3d at 1366. But courts have found that the length of time in itself does not establish waiver. *See Grigsby & Assocs., Inc. v. M. Secs. Inv.*, 635 F. App'x 728, 733 (11th Cir. 2015). Instead, the delay must be "coupled with other substantial conduct inconsistent with an intent to arbitrate." *Id.* (citing *S & H Contractors, Inc.*, 906 F.2d at 1514). Here, Plaintiffs point to no other substantial conduct inconsistent with Defendant's intent to arbitrate, and the weight of authority counsels against a finding of substantial participation on this record.

### 2.    Prejudice

Even if the Court concluded that Defendant's conduct amounted to substantial participation, Plaintiffs have failed to demonstrate prejudice. "Prejudice has been found in situations where the party seeking arbitration allows the opposing party to undergo the types of litigation expenses that arbitration was designed to alleviate." *Morewitz*, 62 F.3d at 1366. To determine prejudice, a court "may consider the length of delay in demanding arbitration and the expense incurred by that party from participating in the litigation process." *Garcia*, 699 F.3d at 1277.

Plaintiffs argue that Defendant's delay in seeking to compel arbitration has raised their litigation costs. (Doc. 32, p. 7.) But Plaintiffs fail to include what litigation expenses they incurred or the amount. (*See id.*) Given the limited nature of the proceedings, Plaintiffs could not have expended more than minimal time and resources in prosecuting this action prior to the Motion to Compel. The Court's conclusion is strengthened by

Plaintiffs having only served discovery on Defendant two weeks before the Motion to Compel. (*See* Doc. 33 (noting that Plaintiffs served their initial interrogatories and requests for production on June 9, 2017).)

In sum, Plaintiffs have failed to satisfy their "heavy burden of proof" in demonstrating that Defendant acted so inconsistently with its arbitration right as to constitute waiver. *See Stone*, 898 F.2d at 1543.

### B.    Unconscionability

Having determined that Defendant has not waived its right to compel arbitration, the Court turns to whether it may decide the merits of Plaintiffs' unconscionability argument. The Court finds that it may not.

Plaintiffs alternatively challenge the enforceability of the Arbitration Provision under § 2 of the FAA. (Doc. 32, p. 7.) In doing so, they argue that it is unconscionable under North Carolina law. (*Id.* at 7–12.)

Where, as here, "an arbitration agreement contains a delegation provision and the plaintiff raises a challenge to the contract as a whole, the federal courts may not review his claim because it has been committed to the power of the arbitrator." *Parnell*, 804 F.3d at 1146. Thus, a court retains jurisdiction to review a challenge only to the delegation provision specifically. *See Rent-A-Center, W. Inc. v. Jackson*, 561 U.S. 63, 72 (2010); *see also Parnell*, 804 F.3d at 1144. Only if a court determines "that the delegation clause is itself invalid or unenforceable may [a court] review the enforceability of the arbitration agreement as a whole." *Parm v. Nat'l Bank of Cal., N.A.*, 835 F.3d 1331, 1335 (11th Cir. 2016).

Thus, for the Court to examine the merits of Plaintiffs' unconscionability

argument, they must have alleged that the Delegation Provision specifically—and not just the Arbitration Provision as a whole—is unconscionable. *See Parnell*, 804 F.3d at 1146. None of Plaintiffs' arguments are even remotely aimed at the Delegation Provision. (Doc. 32, pp. 9–14.) Indeed, neither party even mentions the Delegation Provision. Instead, the heart of Plaintiffs' argument is directed at the Arbitration Provision as a whole. (*See* Doc. 32, pp. 10–12.) As Plaintiffs have failed to challenge the Delegation Provision specifically, the Court is required to treat it as valid under § 2 of the FAA and must enforce it under §§ 3 and 4, leaving any challenge to the enforceability of the Arbitration Provision as a whole for the arbitrator. *See Jackson*, 561 U.S. at 72; *Parnell*, 804 F.3d at 1146–47.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.   Defendant's Motion to Dismiss [] Complaint and Compel Arbitration, and Memorandum of Law in Support (Doc. 31) is **GRANTED**.

2.   This case is **STAYED** pending arbitration.

3.   The parties shall submit their dispute to the American Arbitration Association.

4.   The parties are **DIRECTED** to jointly notify the Court of the status of the arbitration proceedings on Wednesday, **December 6, 2017**, and every ninety days thereafter. The parties are further **DIRECTED** to immediately notify the Court upon conclusion of the arbitration proceedings.

5.   The Clerk is **DIRECTED** to administratively close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 7, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record